## Beckman, Secretary of Banking, v. Koerper

*Cletus C. Kilker*, for plaintiff.

*C. A. Whitehouse*, for defendant.

PAUL, J., November 28, 1938.—The pleadings in this case show that on October 19, 1931, William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, by virtue of The Banking Act of June 15, 1923, P. L. 809, took possession of the business and property of the Bank of Auburn, Auburn, Pa., and that on February 19, 1932, having determined that the reasonable value of the assets of the Bank of Auburn were not sufficient to pay its creditors in full, he determined to enforce individual liability of the stockholders of the Bank of Auburn

in an amount equal to the total par value of the stock held by the said stockholders.

On February 19, 1932, defendant, H. F. Koerper, was the owner of five shares of the stock of the Bank of Auburn, each share having a par value of $50 or a total par value of $250.

On March 22, 1933, William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, made a demand by registered mail upon H. F. Koerper for the payment of the sum of $250 to be paid on or before May 1, 1933. The said H. F. Koerper, however, did not pay the sum of $250 or any part thereof, whereupon, on August 16, 1938, suit was started against the said H. F. Koerper by Irland McK. Beckman, then Secretary of Banking of the Commonwealth of Pennsylvania, receiver of the Bank of Auburn. Defendant filed an affidavit of defense which, in substance, admitted all the facts in the statement of claim but raised the defense of the statute of limitations. It thereby becomes necessary to determine when the statute of limitations began to run. Plaintiff contends that the statute of limitations did not begin to run until May 1, 1933, the date when payment was to be made. Defendant contends that the statute of limitations began to run on February 19, 1932, the date when the Secretary of Banking determined that the stock assessment should be levied.

The statute of limitations begins to run from the time when a complete cause of action accrues. The accrual of the cause of action means the right to institute and maintain a suit. The test, therefore, to determine when a cause of action has accrued is to ascertain the time when plaintiff could first have maintained his action to a successful result.

The determination of this matter is governed by section 37 of The Banking Act, supra, which is as follows:

"Whenever the stockholders of a corporation whereof the secretary shall have taken possession are liable . . . to an amount equal to the par value of their stockholdings in such corporation, and the secretary has determined

from his examination of the affairs of the corporation that the reasonable value of its assets is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders to such extent as may be necessary.

"If he determines to enforce such liability, he shall make demand, in writing, upon such stockholders by causing the same to be mailed by registered mail to the respective stockholders at their last known places of address as the same appear on the stock ledger of the corporation, or at their last known addresses if no addresses appear in such ledger. Such demand shall state the total amount assessed by the secretary against the stockholders, and the pro rata share assessed against the particular stockholder addressed, and the total sum to be paid by such stockholder. The demand shall also fix a date, not less than thirty days after the date of such demand, on which the stockholders shall be required to pay such assessment to the secretary.

"If any stockholder shall fail or refuse to pay such assessment within such time, the secretary shall have a cause of action at law or in equity against such shareholder, either severally or jointly with other stockholders, for the amount of such assessment, together with interest from the date when the same was due and payable."

In reading the third paragraph of section 37, it clearly states when the secretary shall have a cause of action. The second paragraph of the said section requires the Secretary of Banking to first make demand upon the stockholder, fixing a date not less than 30 days after such date, when the stockholder shall be required to pay such assessment to the Secretary. The third paragraph states that if the stockholder fails or refuses to pay the assessment within that time then the Secretary shall have a cause of action. Therefore, prior to that time the Secretary would not have had a cause of action, and since he would not have had a cause of action the statute of limitations could not have started to run. The above suit is,

therefore, brought within the statutory period and judgment must be entered for plaintiff and against defendant.

And now, November 28, 1938, judgment is entered for plaintiff against defendant in the sum of $333.62.